## FRANK WALL v. THE STATE.

No. 10654.    Delivered February 23, 1927.

Rehearing denied April 6, 1927.

**1.—Manufacturing Intoxicating Liquor—Evidence—Properly Admitted.**

Where appellant was seen by the sheriff and his deputy, together with one Ben Wise and Mrs. McBroom, engaged in the manufacture of whiskey with a still, and was thereafter arrested in Motley County, there was no error in permitting the state to prove that the said Mrs. McBroom was with him, the appellant, at the time of said arrest.

**2.—Same—Evidence—Indictment of Co-Defendant—Properly Excluded.**

The indictment of Ben Wise, a co-principal of appellant in the manufacture of the intoxicating liquor, could not be treated as a circumstance tending to establish the fact that another and different person was guilty of the offense charged, and there was no error in refusing to permit appellant to make such proof.

ON REHEARING.

**3.—Same—Evidence—Held Sufficient.**

Where appellant and two others were seen by the sheriff and his deputy actually engaged in the manufacture of whiskey, and the appellant's sole defense was that he was an innocent bystander, had no interest in the still and took no part in the unlawful act, this issue of fact was properly presented to the jury, and their determination of the issue will not be disturbed.

Appeal from the District Court of San Augustine County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year and six months in the penitentiary.

The opinion states the case.

*S. M. Adams* and *R. A. McAlister,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of unlawfully manufacturing intoxicating liquor, and his punishment assessed at confinement in the penitentiary for one year and six months.

The state proved by two eye-witnesses, H. J. Wilkerson, the sheriff, and John Hilton, a deputy sheriff, that they saw the appellant, together with Ben Wise and Mrs. McBroom, in the woods making whiskey. They saw the still in operation, describing it as being a large oil tank with a copper coil; saw the fire under the tank. The sheriff stated that when he walked up whiskey was being made; that it was intoxicating liquor; that he stopped and watched them about 15 or 20 minutes; that he saw the appellant stirring a barrel of cut-up apples.

Appellant defended on the ground that he was a bystander, stating that the first he knew a still was in operation at that place was about noon that day; that his boys informed him of the location of the still and he and Mrs. McBroom went down there; that he had no interest in the still, nor in the manufacturing of the liquor, nor in the equipment with which the whiskey was being made.

Bill of exception No. 1 complains of the state being permitted to prove that Mrs. McBroom was with him when he was arrested in Motley County, the objection being that it was irrelevant and prejudicial. No facts are set out in the bill from which it can be determined that it was prejudicial to appellant's rights to prove that he was in company with Mrs. McBroom when he was arrested. Nothing in the bill in any way showed that that fact could militate against him. The court qualifies the bill by showing that Mrs. McBroom and Ben Wise were principal offenders with the appellant in the manufacture of the whiskey for which the appellant was being tried. The bill, in this shape, presents no error.

Bill of exception No. 4 complains of the action of the trial judge in not permitting appellant to prove by one of the state's witnesses, who was an officer, that such witness had a warrant

for the arrest of Ben Wise and that Ben Wise had been indicted for the same transaction, appellant's contention being that this would tend to show that another and different person was guilty of the offense for which he was being tried. The fact that Ben Wise was indicted as a co-principal with appellant in the manufacture of liquor could not be treated as a circumstance tending to establish the fact that another and different person was guilty of the offense charged. This bill presents no error.

What has been said of bill No. 1 is equally applicable to bill of exception No. 6, the bills being almost identical.

The facts being amply sufficient to sustain the verdict of the jury and there being no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—According to the testimony of the sheriff, he saw a still in operation. Mrs. McBroom, Ben Wise and the appellant were present. All of them were taking part in the operations. They were making whiskey. The sheriff arrested them upon the spot, charged them with the offense and placed them under bond. Appellant was subsequently rearrested in Motley County, Texas. At the time of his rearrest he was in company with Mrs. McBroom.

The appellant's sole defense was that he was an innocent bystander, had no interest in the still and took no part in the unlawful act. This presented an issue of fact which, in our judgment, was properly submitted to the jury.

The matters of procedure were properly disposed of in the original opinion.

The motion is overruled.                          *Overruled.*